UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CEDARWOOD CONDOMINIUM OWNERS ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, a foreign insurance company,<br><br>Defendant. | NO.<br><br>COMPLAINT<br><br>**JURY DEMANDED** |

Plaintiff Cedarwood Condominium Owners Association, by and through its attorneys, Ashbaugh Beal, for its Complaint alleges as follows:

## I.   PARTIES

1. Cedarwood Condominium Owners Association (the "Association") is a Washington non-profit corporation that was incorporated in the state of Washington and is established as the unit owners' association for the Cedarwood Condominium, located in Kirkland, Washington.

2. Defendant Allstate Insurance Company ("Allstate") is a Delaware corporation with its principal place of business in Illinois.

COMPLAINT - 1

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

## II.   JURISDICTION & VENUE

3.   Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the Association is a citizen of the state of Washington and Allstate is a citizen of a different state, and the amount in controversy in this lawsuit, exclusive of fees, costs and interest, exceeds $75,000.

4.   Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred here, the real estate which is the subject of this action is located in King County, and Allstate does business in King County.

5.   Venue in this Court is proper, and this Court has subject matter and personal jurisdiction over this action and the parties hereto.

## III.   FACTUAL BACKGROUND

6.   The Cedarwood Condominiums are located at 12701 NE 116th Street, Kirkland, Washington 98033 (the "Property") and were constructed in 1981. The Property consists of 72 residential units in six three-story structures, and includes a clubhouse. The Property's exterior cladding system is made up of cedar shingle siding panels that sit on top of building components.

7.   Defendant Allstate Insurance Company ("Allstate") issued policies of property insurance to the Association in the state of Washington, including but not limited to 12 property policies issued from July 25, 1984 to July 25, 1997 with policy no. 050981523 (the "Allstate Policies"). Each policy covers all loss or damage to the Property, unless such loss or damage is expressly excluded under the terms of that policy.

8.   The Allstate Policies provide coverage for water intrusion damage. Additionally, for at least some of the Allstate Policies, Allstate specifically sold the

COMPLAINT - 2

Association a "Water Damage Endorsement," which provides coverage for losses caused by or resulting from "rain or snow entering the building through openings in the roof or walls."

9. On or around July 7, 2017, the Association notified Allstate in writing of losses and damage at the Property and made an associated claim for all available coverages under all available policies. Those losses and damage consist of, at least in part, water that was able to enter through voids in the exterior walls and then migrate to the back of the cedar shingles. At that point, the water began to saturate the shingles, which led/will lead to warping, cupping, delamination, and the physical separation of the shingles from the building(s). The Association's losses and damage at the Property are covered under the Allstate Policies.

10. Thereafter, Allstate undertook an investigation into the loss and the Association's claim. Allstate owed quasi-fiduciary duties to the Association in relation to the investigation and adjustment of the claim, requiring Allstate, among other things, to be fair and reasonable in the investigation of the Association's claim and to be a neutral arbiter in investigating and resolving issues of coverage.

11. On December 19, 2017, Allstate provided the Association with a final written coverage determination, through which it denied outright the Association's claim for coverage. Allstate's final coverage determination unreasonably denied coverage and benefits under the Allstate Policies, and in doing so Allstate, among other things, (1) erroneously relied on certain policy exclusions, (2) refused coverage under the Water Damage Endorsements, (3) refused coverage for water intrusion damage, and (4) interpreted the undefined and ambiguous policy term "damage" in its own favor without justification and in violation of Washington law.

COMPLAINT - 3

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

12. On January 12, 2018, the Association sent a letter to Allstate stating its intent to make a claim under Washington's Insurance Fair Conduct Act, RCW 48.30.015, in relation to Allstate's unreasonable denial of coverage and benefits in the event that Allstate failed to resolve the basis of the claim within the 20-day period prescribed by the statute. To date, Allstate has failed to resolve the basis of the claim.

## IV.  CAUSES OF ACTION

*A.  Cause of Action 1: Declaratory Relief*

13. The Association is entitled to declaratory relief adjudicating the respective rights and obligations of the parties with respect to the disputes set forth above and under the policies of insurance issued by Allstate.

*B.  Cause of Action 2: Breach of Contract*

14. Under the terms of the contract of insurance entered into between Allstate and the Association, Allstate is required to pay for direct physical loss to the covered property that is not excluded under the terms of the policies.

15. Allstate's denial of coverage for the Association's loss was unreasonable and constitutes a breach of its policies.

16. As a proximate result of Allstate's breach the Association has been damaged in an amount to be proved at time of trial, and Allstate is, therefore, liable for all damages arising out of its breach.

*C.  Cause of Action 3: Bad Faith*

17. Allstate's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances. As such,

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

Allstate is liable for its bad-faith conduct and all damages sustained by the Association as a result thereof.

D.     *Cause of Action 4: Breach of Consumer Protection Act*

18.    Allstate's actions and omissions, including but not limited to its denial of coverage and failure to investigate or adjust the loss and associated claim presented by the Association in a fair and reasonable manner and/or as required under WAC 284-30 *et seq.*, constitute per se and non-per se unfair and deceptive acts or practices as defined in Washington's Consumer Protection Act (RCW 19.86 *et seq.*). The Association has been damaged by Allstate's conduct in an amount to be proved at time of trial as a proximate result of such unfair and deceptive acts or practices.

E.     *Cause of Action 5: Negligence*

19.    Allstate's actions and omissions during the adjustment of the Association's claim constitute a breach of its duty to use reasonable care in the handling of claims. The Association has been damaged as a proximate result of Allstate's negligence and has incurred damages, including attorneys' fees, as a proximate result of Allstate's negligence.

F.     *Cause of Action 6: Insurance Fair Conduct Act*

20.    In relation to Allstate's unreasonable denial of coverage, on January 12, 2018, the Association sent a notice to Allstate by certified mail pursuant to RCW 48.30.015. More than 20 days have passed since that notice was sent, and Allstate has failed to resolve the basis of the claim.

21.    Given that Allstate unreasonably denied a claim for coverage, the Association has rights to all damages available under RCW 48.30.015.

COMPLAINT - 5

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

## V.     Prayer for Relief

WHEREFORE, the Association prays for judgment in its favor against Allstate as follows:

1. For declaratory relief consistent with the pleadings herein;

2. For monetary damages in an amount to be proved at trial;

3. For treble damages, attorneys' fees, and expert costs as allowed under RCW 48.30.015;

4. For pre- and post-judgment interest;

5. For actual attorneys' fees and costs, pursuant to *Olympic Steamship v. Centennial*, *McGreevy v. Oregon Mutual*, or other applicable law; and

6. For such other and further relief as the Court may deem just and equitable.

## VI.     Jury Demanded

The Association demands a trial by jury pursuant to Fed. R. Civ. P. 38.

DATED this 9th day of March, 2018.

        ASHBAUGH BEAL

        By s/ Jesse D. Miller
           Jesse D. Miller, WSBA #35837
           jmiller@ashbaughbeal.com

        By s/ Zachary O. McIsaac
           Zachary O. McIsaac, WSBA #35833
           zmcisaac@ashbaughbeal.com

        By s/ Jocelyn J. Whiteley
           Jocelyn J. Whiteley, WSBA #49780
           jwhiteley@ashbaughbeal.com

        Attorneys for Plaintiff